```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:14-00168

**TINA MICHELLE TAYLOR**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On September 17, 2018, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Tina Michelle Taylor, appeared in person and by her counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a three-year term of supervised release in this action on July 7, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 3, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant violated state and local law inasmuch as on August 8, 2016, she was involved in a traffic stop for driving too fast for roadway conditions and driving without a license, her driver's license having thereafter been suspended on January 5, 2017, for her failure to respond to the citation; and on October 4, 2016, the defendant was involved in a traffic stop at which time she was cited for defective equipment, no proof of registration, driving on a suspended license and no proof of insurance, her driver's license having thereafter been suspended for her failure to respond to the citations; (2) the defendant failed to attend urine screens as instructed by the probation officer on October 5, 2017, and failed to do so on November 27, December 8 and 28, 2017, January 10 and 26, February 19, March 9 and 21, 2018; (3) the defendant failed to schedule an appointment with her substance abuse counselor as instructed by the probation officer on January 26, 2018, and failed to report for substance abuse counseling on November 28 and December 28, 2017, and during the months of January, February and March, 2018; (4) the defendant used and

possessed controlled substances without a prescription as evidenced by a positive urine sample submitted by her on June 29, 2016, for oxymporphone, the defendant having admitted to the probation officer that she had used prescription opiates and having signed a voluntary admission form confirming her use; her signature on a voluntary admission form on November 1, 2016, acknowledging she used Roxicodone and Opana during the months of September and October 2016, without a valid prescription; a positive urine specimen submitted by her on January 31, 2017, for oxymorphone, the defendant having signed a voluntary admission form on February 7, 2017, acknowledging she ingested a Percocet pill that was not prescribed to her; a positive urine specimen submitted by her on September 25, 2017, for methamphetamine, the defendant having signed a voluntary admission form confirming she smoked methamphetamine; and her admission to the probation officer on July 26, 2018, that she had recently used marijuana; and (5) the defendant left the judicial district without the permission of the court or the probation officer inasmuch as she was arrested on July 26, 2018, in the Southern District of Ohio; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4) MONTHS, to be followed by a term of thirty-two (32) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she, immediately upon her release from incarceration, participate in and successfully complete Prestera's pretreatment program at Harbor

House for a period of up to 30 days to be followed by the 28-day program at Pinecrest, after which she shall transition into a long-term residential treatment program (6 to 12 months) such as the Renaissance Program, the Mattie V. Lee Program, or a comparable program, where she shall follow the rules and regulation of the facility and participate in drug abuse counseling and treatment, as well as mental health treatment, as directed by the facility and the probation officer. The defendant shall travel directly from her place of incarceration to the Prestera pretreatment program at Harbor House, without interruption.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 18, 2018

_____
John T. Copenhaver, Jr.
United States District Judge